Generated: 09/02/2010

| | | |
|---|---|---|
| AOC-S-105 Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>Civil Summons | Case Number **09-CI-00217**<br>Court CI<br>County PERRY |

*Plantiff,* BREWER, PAUL CONNER, ESTATE OF, , ET AL VS. APPALACHIAN RE, *Defendant*

SEP 07 2010

MOUNTAIN COMPREHENSIVE HEALTH CORPORATION

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, ROGER D COLLINS

By *Jennie Adams*, DC

Date: 09/02/2010

ATTN: L.M. CAUDILL, REGISTERED AGENT, 226 MEDICAL PLAZA LANE, P.O. BOX 40, WHITESBURG, KY 41858

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
   To: _____

[ ] Not Served because: _____

Date: _____  Served by: _____

09-CI-00217
BREWER, PAUL CONNER, ESTATE OF, , ET AL VS. APPALACHIAN RE

**GOVERNMENT EXHIBIT A**

SEP 07 2010

COMMONWEALTH OF KENTUCKY
PERRY CIRCUIT COURT
CIVIL ACTION NO. 09-CI-00217

IN RE: THE ESTATE OF
PAUL CONNER BREWER, BY AND
THROUGH SHAWN BAKER, ADMINISTRATRIX
AND SHAWN BAKER, INDIVIDUALLY.                                    PLAINTIFFS

-vs-                        **THIRD PARTY COMPLAINT**

APPALACHIAN REGIONAL HEALTHCARE, INC.
AND UNKNOWN DEFENDANTS                                            DEFENDANTS/
                                                                  THIRD PARTY
                                                                  PLAINTIFFS

-vs-

CHRISTOPHER A. WILTCHER, M.D. AND                                 THIRD PARTY
MOUNTAIN COMPREHENSIVE HEALTH                                     DEFENDANTS
CORPORATION

SERVE:

Christopher A. Wiltcher, M.D
Blanchfield Army Community Hospital
650 Joel Drive
Fort Campbell, Kentucky 42223

Mountain Comprehensive Health Corporation
ATTN: L.M. Caudill, Registered Agent
226 Medical Plaza Lane
PO Box 40
Whitesburg, Kentucky 41858

    Comes now the Defendant/Third Party Plaintiff, Appalachian Regional Healthcare, Inc. and for its Third Party Complaint against Christopher A. Wiltcher, M.D. and Mountain Comprehensive Health Corporation states as follows:

1

1) The Third Party Defendant, Christopher A. Wiltcher, M.D. is a medical doctor specializing in the area of Obstetrics and Gynecology and at all time relevant to the within action was an agent, servant, employee or contractor and ostensible agent of the Co-Third Party Defendant, Mountain Comprehensive Health Corporation.

2) Christopher A. Wiltcher, M.D. may be served with process at Blanchfield Army Community Hospital, 650 Joel Drive, Fort Campbell, Kentucky 42223.

3) The Third Party Defendant, Mountain Comprehensive Health Corporation is a Kentucky non-profit corporation with principle offices located at 226 Medical Plaza Lane, PO Box 40, Whitesburg, Kentucky 41858. Its Registered Agent for Service of Process at the aforesaid address is L.M. Caudill.

4) At all times relevant to this proceeding, Mountain Comprehensive Health Corporation was and is a healthcare organization which provided medical care, treatment, and services to members of the public through its agents, servants, employees and contractors for whom it is liable pursuant to the doctrines of respondent superior, agency and ostensible agency.

5) The within action was initiated by the Plaintiffs, Estate of Paul Conner Brewer by and through Shawn Brewer, Administratrix and Shawn Brewer, Individually against the Defendant. The Plaintiffs allege that the Defendant, Appalachian Regional Healthcare, Inc. and unknown Defendants for whom the Defendant is alleged to be responsible by and through their agents, ostensible agents, servants, employees and contractors negligently and carelessly rendered hospital, medical and nursing services to the Plaintiffs, Shawn Brewer and to her stillborn son, Paul Conner Brewer so as to be a

deviation from accepted standards of medical, hospital and nursing care expected of a reasonably competent healthcare provider operating under the same or similar circumstances. A copy of the Complaint and Amended Complaint are attached hereto as Exhibits 1 and 2 respectively.

6) The Defendant, Appalachian Regional Healthcare, Inc. has at all times denied the allegations asserted against it and those for whom it is alleged to be responsible and copies of its answer to the Amended Complaint is attached hereto as Exhibits 3.

7) The Defendant/Third Party Plaintiff has denied and continues to deny any and all liability for any and all of the injuries and damages complained of by Plaintiffs in this action.

8) At the time and place complained of by the Plaintiffs medical care and treatment were rendered to the Plaintiff, Shawn Baker Brewer and to her son, Paul Conner Brewer by and through Christopher A. Wiltcher, M.D. and Mountain Comprehensive Health Corporation. Mountain Comprehensive Health Corporation by and through its agents, servants, employees, contractors and ostensible agents provided care and treatment to the Plaintiffs throughout the pregnancy of Shawn Baker Brewer.

9) On or about October 6, 2004 and October 7, 2004 the Third Party Defendants, individually and acting through their respective agents, servants, employees, contractors and ostensible agents negligently and carelessly rendered and negligently and carelessly failed to render appropriate and proper medical care to the Plaintiffs, Paul Conner Brewer and Shawn Baker Brewer so as to deviate from accepted standards of medical care and treatment reasonably expected of competent physicians and healthcare providers under the same or similar circumstances.

3

10) Mountain Comprehensive Health Corporation and its agents, ostensible agents, servants, contractors and employees did each exhibit a negligent, reckless, wanton and careless disregard for the safety and well being of the Plaintiffs, Paul Conner Brewer and Shawn Baker Brewer.

11) The carelessness, negligence, recklessness and wanton disregard for the safety of the Plaintiffs, and each of them, resulted in injuries to both Paul Conner Brewer and Shawn Baker Brewer and also caused or substantially contributed to the death of Paul Conner Brewer.

12) The acts and omissions of the Third Party Defendants, their agents, ostensible agents, servants, employees and contractors were a substantial factor in causing injuries to and the death of Paul Conner Brewer and of the injuries and damages sustained to Shawn Brewer.

13) As a result of the acts and omissions of the Third Party Defendants, the Defendant/Third Party Plaintiff is entitled to and demands an apportionment of liability and damages between the parties to this action including both Third Party Defendants herein.

WHEREFORE, the Third Party Plaintiff, Appalachian Regional Healthcare, Inc. demands that any liability between the Defendant herein and the Third Party Defendants be apportioned pursuant to KRS 411.182; that the percentage of total fault for Plaintiffs' alleged injuries and damages be allocated among each responsible party including, but not limited to the Third Party Defendants herein pursuant to KRS 411.182, for its cost herein expended; for trial by jury and for any and all other relief to which it may appear entitled either at law or in equity.

C.V. REYNOLDS, ESQ.
112 West Court Street, Suite 100
Prestonsburg, Kentucky 41653

-and-

MICHAEL J. SCHMITT
PORTER, SCHMITT, BANKS & BALDWIN
327 Main Street, P.O. Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone: (606) 789-3747
Facsimile: (606) 789-9862

By: _____
Michael J. Schmitt
COUNSEL FOR DEFENDANT,
APPALACHIAN REGIONAL HEALTHCARE, INC.

CERTIFICATE OF SERVICE:

I certify to providing a true and correct copy of the foregoing by United States Mail, postage prepaid to:

Michael Lucas, Esq.
Miller Kent Carter &
Michael Lucas, PLLC
P.O. Box 852
Pikeville, KY 41502

C.V. Reynolds, Esq.
112 West Court Street, Suite 100
Prestonsburg, Kentucky 41653

This 17TH day of August, 2010.

_____
Michael J. Schmitt

5

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. 11

ACTION NO. 06-CI-01096

IN RE:

THE ESTATE OF
PAUL CONNER BREWER,
By and through
SHAWN BAKER, ADMINISTRATOR
And SHAWN BAKER, Individually                    PLAINTIFFS

V.                    COMPLAINT

APPALACHIAN REGIONAL
HEALTHCARE, INC.
And UNKNOWN DEFENDANTS                           DEFENDANTS

SERVE APPALACHIAN REGIONAL HEALTHCARE, INC.:
  **VIA CERTIFIED MAIL**
  Rick King – Registered Agent,
  ARH System Center – Hazard,
  100 Airport Gardens Road,
  Hazard, Kentucky 41701

SERVE THE UNKNOWN DEFENDANTS:
  **VIA WARNING ORDER ATTORNEY**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiffs, THE ESTATE OF PAUL CONNER BREWER, by and through SHAWN BAKER, ADMINISTRATOR (hereinafter "Brewer") And SHAWN BAKER, Individually (hereinafter "Baker"), by and through counsel, and for their complaint does hereby state as follows:

### GENERAL ALLEGATIONS

1. All of the parties are citizens and residents of the Commonwealth of Kentucky; a copy of the Order of Probate of the Estate of Paul Conner Brewer is attached hereto and

1

EXHIBIT
1

incorporated herein; and further the decedent Paul Conner Brewer is the natural child of Shawn Baker.

2. The Defendant APPALACHIAN REGIONAL HEALTHCARE, INC., (hereinafter "ARH") operates in multiple counties in the Commonwealth of Kentucky including Pike County, Kentucky and one or more of ARH's officers resides in Pike County, Kentucky making venue in the Pike Circuit Court proper; and may be served by Certified Mail to its Process Agent: Rick King – Registered Agent, ARH System Center – Hazard, 100 Airport Gardens Road, Hazard, Kentucky 41701.

3. At all times incident hereto, ARH was licensed and doing business and providing hospital, nursing and medical services to the general public, including the Plaintiffs by and through its authorized actual and/or ostensible agents, servants and employees, who are the UNKNOWN DEFENDANTS herein and who are believed to be citizens and residents of the Commonwealth of Kentucky and who may be served via Warning Order Attorney as supported by the affidavit hereto, and said UNKNOWN DEFENDANTS, as such, did establish at all times incident hereto, a healthcare provider relationship with both of the Plaintiffs, while functioning as the actual and/or ostensible agent, servant and employee of the Defendant ARH, with said UNKNOWN DEFENDANTS serving in a capacity which would impose Respondent Superior responsibility upon the Defendant ARH, for said Unknown Defendants' activities; said ARH and UNKNOWN DEFENDANTS hereinafter being jointly referred to as "THE DEFENANTS" unless otherwise specified.

4. Each of the Plaintiffs were patients in one or more of ARH's facilities and have each requested complete copies of their medical records (as concerns both "Baker" and

2

"Brewer") from ARH. Despite said requests, which included duly executed releases, "THE DEFENDANTS", have failed to produce a complete copy of or allow an inspection of the complete original of said Plaintiffs' medical records, and have destroyed, hidden away, or otherwise obliterated the same, despite having both a contractual and legally imposed duty to maintain the integrity of the same, all the while representing unto the Plaintiffs that the production of said records would be forth coming.

## COUNT I – FRAUD

5. The Plaintiffs do hereby incorporate by reference all of the allegations set forth in paragraphs 1 through 4 above as if set forth at length herein.

6. On multiple occasions the Plaintiffs, or their agents, have requested a complete copy of each of their complete medical charts from "THE DEFENDANTS", and in response to said requests "THE DEFENDANTS", have falsely and fraudulently represented that what they produced were the complete records of the Plaintiffs, or have maintained that said records had been lost.

7. Relying upon such representations the Plaintiffs were induced to await the production of their medical records from "THE DEFENDANTS", so that an investigation of the quality of the medical care rendered to the Plaintiffs could be investigated and the Plaintiffs' potential legal rights and remedies determined.

8. In truth and in fact the complete medical records of the Plaintiffs have never been available for production of either copies or inspection of the original thereof, because "THE DEFENDANTS" have destroyed, hidden away, or otherwise obliterated the same, despite having both a contractual and legally imposed duty to maintain the integrity of the same.

9. Said false representations were made by "THE DEFENDANTS" with the intent then and there to cheat and defraud, hinder the investigation of the quality of the medical care rendered and otherwise obstruct the legal rights of the Plaintiffs.

10. By reason of the above false representations and the destruction, hiding away or other obliteration of the Plaintiffs' complete medical records, each of the Plaintiffs have suffered compensatory damages as are hereinafter plead, all in sums in excess of the jurisdictional limits of this court; as well as entitling each of the Plaintiffs to an award of punitive damages for the fraud itself, also in sums in excess of the jurisdictional limits of this court.

## COUNT II – CONSTRUCTIVE FRAUD

11. The Plaintiffs do hereby incorporate by reference all of the allegations set forth in paragraphs 1 through 10 above as if set forth at length herein.

12. That the actions of "THE DEFENDANTS" in failing to produce, destroying, hiding away or otherwise obliterating the Plaintiffs' medical records, not only constitute actual fraud as is pled above, but also constitutes constructive fraud as "THE DEFENDANTS" have a legal duty to maintain the medical records of its patients, including the Plaintiffs; to produce such records both upon the request of its patients and/or the request of other legal authorities; the failure of which has a tendency to deceive others, to violate confidence and to injure public interests; the commission of which has caused each of the Plaintiffs to suffer the compensatory damages as are hereinafter plead, all in sums in excess of the jurisdictional limits of this court; as well as entitling each of the Plaintiffs to an award of punitive damages for the constructive fraud itself, also in sums in excess of the jurisdictional limits of this court.

4

## COUNT III – "BREWER" PERSONAL INJURY, WRONGFUL DEATH AND OUTRAGE

13. The Plaintiffs do hereby incorporate by reference all of the allegations set forth in paragraphs 1 through 12 above as if set forth at length herein.

14. The Plaintiff "Brewer" further states that it is believed that full and complete medical records would reveal that at all times incident hereto "THE DEFENDANTS", both ARH and THE UNKNOWN DEFENDANTS, being employees or agents of ARH, each, both jointly and independently of each other, negligently and carelessly rendered hospital, medical and nursing services to the Plaintiff "Brewer" so as to be a deviation from accepted standards of medical, hospital and nursing care expected of reasonably competent healthcare providers operating in the same or similar circumstances.

15. Additionally, the Plaintiff, "Brewer" states that all of "THE DEFENDANTS", both ARH and its ostensible agents, servants and employees, THE UNKNOWN DEFENDANTS, did each exhibit a negligent, reckless, wanton and careless disregard for the safety and well being of the citizens of the Region of South Eastern Kentucky in selecting, hiring and directing into ARH, ill trained, unqualified and inexperienced staff, and said conduct was a substantial factor in causing serious personal injury to the Plaintiff, "Brewer".

16. The Plaintiff, "Brewer" further states that the negligence and carelessness of each of "THE DEFENDANTS" as set forth above, at all relevant times hereto, was a substantial factor in causing "Brewer" personal injury, which has caused "Brewer" the following damages:

A. To incur medical expenses and hospital expenses, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

B. To experience mental and physical pain and suffering, all to his damage, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

C. The right and privileges of the Plaintiff, "Brewer" to the pursuit of happiness and the enjoyment of life has been permanently destroyed, all to the damage of said "Brewer", all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court; and

D. That the actions of each of "THE DEFENDANTS", arose to such a level of negligence so as to constitute gross negligence and /or reckless disregard for human life, and as such entitles the Plaintiff, "Brewer" to an award of punitive damages, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

17. The Plaintiff, "Brewer" further states that the negligence and carelessness of each of THE DEFENDANTS as set forth above, at all relevant times hereto, was a substantial factor in causing the wrongful death of "Brewer", which has caused "Brewer" the following damages:

A. The destruction of "Brewer's" power to earn all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

B. The loss of enjoyment of life, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

C. The cost of the estate's administration expenses and funeral expenses, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

D. The value of "Brewer's" civil rights, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court; and

E. That the actions of each of "THE DEFENDANTS", arose to such a level of negligence so as to constitute gross negligence and /or reckless disregard for

human life, and as such entitles the Plaintiff, "Brewer" to an award of punitive damages, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

18. That the conduct of each of "THE DEFENDANTS", jointly and severally, is and was outrageous, so as to constitute the tort of outrage as against "Brewer", and that said claim of OUTRAGE in and of itself entitles "Brewer" to an award of damages against each of "THE DEFENDANTS", jointly and severally, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

## COUNT IV – "BAKER'S" PERSONAL INJURY AND OUTRAGE

19. The Plaintiffs do hereby incorporate by reference all of the allegations set forth in paragraphs 1 through 18 above as if set forth at length herein.

20. The Plaintiff "BAKER" further states that at all times incident hereto "THE DEFENDANTS", both ARH and THE UNKNOWN DEFENDANTS, being employees or agents of ARH, each, both jointly and independently of each other, negligently and carelessly rendered hospital, medical and nursing services to the Plaintiff "Baker" so as to be a deviation from accepted standards of medical, hospital and nursing care expected of reasonably competent healthcare providers operating in the same or similar circumstances.

21. Additionally, the Plaintiff, "Baker" states that all of "THE DEFENDANTS", both ARH and its ostensible agents, servants and employees, THE UNKNOWN DEFENDANTS, did each exhibit a negligent, reckless, wanton and careless disregard for the safety and well being of the citizens of the Region of South Eastern Kentucky in

7

selecting, hiring and directing into ARH, ill trained, unqualified and inexperienced staff, and said conduct was a substantial factor in causing serious personal injury to the Plaintiff, "Baker".

22. The Plaintiff, "Baker" further states that the negligence and carelessness of each of "THE DEFENDANTS" as set forth above, at all relevant times hereto, was a substantial factor in causing "Baker" personal injury, which has caused "Baker" the following damages:

A. To incur medical expenses and hospital expenses, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

B. To experience mental and physical pain and suffering, all to her damage, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court;

C. That the actions of each of "THE DEFENDANTS", arose to such a level of negligence so as to constitute gross negligence and /or reckless disregard for human life, and as such entitles the Plaintiff, "Baker" to an award of punitive damages, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

23. That the conduct of each of THE DEFENDANTS, jointly and severally, is and was outrageous, so as to constitute the tort of outrage as against "Baker", and that said claim of OUTRAGE in and of itself entitles "Baker" to an award of damages against each of "THE DEFENDANTS", jointly and severally, all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

## COUNT V – "BAKER'S" LOSS OF LOVE, AFFECTION, COMPANIONSHIP

## AND SERVICES OF "BREWER" HER MINIOR CHILD

24. The Plaintiffs do hereby incorporate by reference all of the allegations set forth in paragraphs 1 through 18 above as if set forth at length herein.

25. The Plaintiff "Baker" further states that at all times incident hereto "THE DEFENDANTS", both ARH and THE UNKNOWN DEFENDANTS, being employees or agents of ARH, each, both jointly and independently of each other, negligently and carelessly rendered hospital, medical and nursing services to the Plaintiff "Brewer" so as to be a deviation from accepted standards of medical, hospital and nursing care expected of reasonably competent healthcare providers operating in the same or similar circumstances.

26. Additionally, the Plaintiff, "Baker" states that all of "THE DEFENDANTS", both ARH and its ostensible agents, servants and employees, THE UNKNOWN DEFENDANTS, did each exhibit a negligent, reckless, wanton and careless disregard for the safety and well being of the citizens of the Region of South Eastern Kentucky in selecting, hiring and directing into ARH, ill trained, unqualified and inexperienced staff, and said conduct was a substantial factor in causing the wrongful death of the Plaintiff, "Brewer".

27. The Plaintiff, "Baker" further states that the negligence and carelessness of each of "THE DEFENDANTS" as set forth above, at all relevant times hereto, was a substantial factor in causing "Baker" personal injury, that is the loss of the love, affection, companionship and services of "Brewer" her minor child, which has caused "Baker" compensatory damages all in an amount to be determined by a jury sitting in a

9

trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court, as well as punitive damages all in an amount to be determined by a jury sitting in a trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

WHEREFORE, the Plaintiffs, The Estate of Paul Conner Brewer and Shawn Baker, individually, each pray for judgment, jointly and severally as against each of the defendants, both Appalachian Regional Healthcare, Inc. and the Unknown Defendants, in sums in excess of the jurisdictional limits of this Court, for both compensable and punitive damages; their costs herein expended' trial by jury; appointment of Warning Order Attorney; and, for all further and proper relief to which they may appear entitled.

Respectfully Submitted

MICHAEL LUCAS
MILLER KENT CARTER &
MICHAEL LUCAS, PLLC
P.O. BOX 852
PIKEVILLE, KENTUCKY 41502
(606) 432-7000

10