UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SHAWN BAKER, individually and as administratrix of the Estate of Paul Conner Brewer, )<br>)<br>)<br>)<br>      Plaintiff, )<br>)<br>V. )<br>)<br>APPALACHIAN REGIONAL )<br>HEALTHCARE, INC., et al. )<br>)<br>      Defendant/Third Party Plaintiff, )<br>)<br>V. )<br>)<br>UNITED STATES OF AMERICA )<br>(substituted for MOUNTAIN )<br>COMPREHENSIVE HEALTH )<br>CORPORATION and CHRISTOPHER A. WILTCHER), )<br>)<br>      Third Party Defendant. | Civil No. 10-302-GFVT<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Motion to Dismiss [R. 5] filed by the United States of America. Because the Court lacks jurisdiction over the third party claim, it will grant the motion and remand the remaining claims to state court.

**I.**

Plaintiff Shawn Baker filed this action in state court against Appalachian Regional Healthcare, Inc. ("ARH"), alleging it is responsible for the wrongful death of her son, Paul Conner Brewer. [R. 1, Attach. 4.] ARH filed a third party complaint against Mountain Comprehensive Health Corp. ("MCHC") and Christopher Wiltcher, seeking apportionment. [R.

1, Attach. 3.] Because both of the third party defendants were deemed federal employees, the United States removed to federal court and filed a Motion to Substitute. [R. 1; R. 3.][1] Neither Baker nor ARH has objected to the motion for substitution, and thus, it will be granted.[2]

Most recently, the United States has filed a Motion to Dismiss the Third Party Complaint, claiming that this Court lacks jurisdiction because ARH failed to meet the exhaustion requirement in the FTCA and because the complaint fails to state a claim upon which relief can be granted. [*See* R. 5.] The Court will dismiss the claim based on ARH's failure to exhaust. Since this disposition is jurisdictional (*See Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (citations omitted)), the Court lacks the power to determine the sufficiency of the claims. *See Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted).

## II.

A Rule 12(b)(1) motion challenges the Court's jurisdiction over the claim. "Where subject matter jurisdiction is challenged...the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915-16 (6th Cir.

---

[1] Pursuant to the Federally Supported Health Centers Assistance Act, certain federally funded health care facilities and their employees may be deemed employees of Public Health Services. *See* 42 U.S.C. § 233. Any tort actions against such entities must be brought against the United States under the Federal Tort Claims Act ("FTCA"). MCHC and Wiltcher have been deemed federal employees [*See* R. 1, Attach. 1, 2], and thus removal pursuant to 42 U.S.C.§ 233(c) was proper.

[2] ARH, while in state court, moved for a default judgment against the third party defendants. [R. 1, Attach. 5.] That motion is now a motion for default judgment against the United States. Pursuant to Federal Rule of Civil Procedure 55(d), a default judgment may by entered against the United States, but the moving party has a high burden. The Court finds that ARH has not met this burden, and the motion will be denied.

1986). There are two types of 12(b)(1) motions. The first, where a party questions the sufficiency of the pleadings, is a facial attack and is subject to the Rule 12(b)(6) standard.[3] *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The second, a factual attack, challenges the factual predicate for subject matter jurisdiction. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In such a case, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id*.

### III.

To bring an action under the FTCA against the United States, one must first exhaust administrative remedies. 28 U.S.C. § 2675(a). The statute provides, however, that third party claims are exempt from this exhaustion requirement. *Id*. According to the plain language of the statute, this exception applies only to third party complaints that "may be asserted under the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure 14(a)(1) provides, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it* for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added). In the case at hand, ARH's claim against the United States is not a claim that could be brought pursuant to this Rule because both parties agree that the U.S. is not liable to ARH at all.

ARH's claim against the U.S. is one for apportionment. [R. 1, Attach. 3.] ARH admits that the U.S. is not vicariously liable and that "there is [] no indemnity claim or any other theory of liability asserted" against the U.S. [R. 7 at 4.] In fact, ARH does not oppose the motion to dismiss and states that it filed the third party complaint, "not for the purpose of obtaining a

---

[3] In reviewing a Rule 12(b) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).

3

judgment against [the U.S.], but for the sole and only purpose of obtaining an apportionment instruction at trial." [*Id*. at 3.] Baker has objected to the motion to dismiss. [R. 8.] Presumably, this is because she has not asserted her own claim against the U.S., and thus, ARH's third party complaint is her only hope of recovering against the U.S.

Courts must interpret and apply the FTCA "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). According to Kentucky law, an apportionment claim is not an independent substantive claim that may be asserted pursuant to Fed. R. Civ. P. 14(a)(1). *ISP Chemicals LLC v. Dutchland, Inc*., No. 5:08-cv-153, 2011 WL 304592 at *5 (Jan. 26, 2011 W.D. Ky.) ("Under Kentucky law, apportionment may no longer be raised as a substantive cause of action."); *Hall v. MLS Nat'l Medical Evaluations, Inc*., No. 05-185, 2007 WL 1385943 at *2 (May 8, 2007 E.D. Ky. 2007); *CSX Transportation, Inc. v. General Electric Co.*, No., 2009 WL 3254879 at *6 (Oct. 8, 2009 W.D. Ky.) ("apportionment may no longer be pled as a separate cause of action"). Instead, requests for apportionment from third party plaintiffs are generally made as a formality, for the purpose of receiving an apportionment instruction at trial. *See id.* and *Kevin Tucker & Assoc., Inc. v. Scott & Ritter, Inc.*, 842 S.W.2d 873, 874 n.4, 5 (Ky. Ct. App. 1992) (overruled on other grounds). To assert a *valid*, *substantive* third party claim in Kentucky, however, the third party plaintiff must allege that the third party defendant is liable to it in some way. *Kevin Tucker*, 842 S.W.2d at n.4; *See also* Civil Rule 14.01.

Baker argues that § 2675's exception to the exhaustion requirement does apply to third party apportionment claims and cites two cases from other states in support. *See Stingley v. Raskey*, No. A95-0242, 1995 WL 696591, (Nov. 20, 1995 D. Alaska) and *Montanez v. Hartford*

*Healthcare Corp.*, No. 3:03-cv-1202, 2003 WL 22389355 (Oct. 17, 2003 D. Conn.). Neither case is on point, however, because, unlike Kentucky, Alaska and Connecticut recognize equitable apportionment as a valid substantive claim. *See Stingley*, 1995 WL 696591 at *4; *Montanez*, 2003 WL 22389355 at *6 (describing statutory apportionment as a "substantive theory"). Case law in Kentucky makes clear that apportionment is not an independent substantive claim. ARH admits the U.S. cannot be liable to it under any substantive theory. Thus, the claim is not one "as may be asserted under the Federal Rules of Civil Procedure" and as such, is not exempt from the exhaustion requirement. *See* Fed. R. Civ. P. 14(a)(1); 28 U.S.C. § 2675(a).

Because the only remaining claims (Baker's state law claims against ARH) are in federal court based on supplemental jurisdiction, the Court will remand those claims to state court. *See Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) ("[W]hen all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed."); *See also Davey v. St. John Health*, 297 Fed. App'x 466, 472-73 (6th Cir. 2008) (giving examples of district courts that remanded residual claims after FTCA substitution and dismissal).

**IV.**

Accordingly, and being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Motion to Substitute [R. 3] is **GRANTED**;

2.  The Motion for Default Judgment is **DENIED**;

3.  The Motion to Dismiss the Third Party Complaint [R. 5] is **GRANTED**. The remaining claim is **REMANDED** to Perry Circuit Court; and

4.  This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 27th day of July, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge